# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LARRY J. WILLIAMS,** | )<br>) |
| Plaintiff, | ) Case No. 7:19CV00045<br>) |
| v. | ) **OPINION**<br>) |
| | ) By: James P. Jones |
| **MED-CO INC, ET AL.,** | ) United States District Judge<br>) |
| Defendants. | ) |

*Larry J. Williams, Pro Se Plaintiff.*

The plaintiff, Larry J. Williams, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was denied prompt and appropriate medical care at the regional jail. The court notified Williams that his submissions did not make a clear statement of who the defendants were or what each of them had done to violate his constitutional rights and directed him to file an amended complaint to correct these deficiencies. Williams has now submitted his Amended Complaint. Upon review of this submission, I conclude that the action must be summarily dismissed.

The court provided extensive information to Williams about what a viable Amended Complaint would need to do:

> To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the

> Constitution as a result of conduct committed by a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint itself must contain sufficient factual details about what each defendant did to violate the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution"). Moreover, to proceed against an organizational defendant like a jail authority, a plaintiff must show how organizational policies have caused him harm. Williams's current submissions fail to meet these legal standards.
>
> An amended complaint will take the place of all Williams's previously submitted documents. Accordingly, it must make a clear and sufficiently detailed statement of what happened, including, but not limited to: what Williams's medical problem is, what treatment he has received, what requests he has made for additional treatment, actions each defendant took in violation of Williams's constitutional rights, and what harm he has suffered from each defendant's conduct.

Order 1-2, ECF No. 10. The Order also warned Williams that if he failed to submit "an amended complaint stating all his defendants and claims in one document and correcting the deficiencies noted in the Order," this action might be summarily dismissed for failure to state a claim. *Id.* at 2.

In response to the court's particularized instructions, Williams submitted the following Amended Complaint:

> I applied for sick call over 8 times, and each time I was told I'm on the Dr. list by 3 diffrent [sic] staff members it started on 11-4-2018 with the sick calls! On 11-7-18, 12-31-18, 1-14-19, and 1-27-2019 I filed grievances on the kiosk.
>
> . . . .
>
> I was told by the Doctor that I have a pulled ligament and issued pills for pain in nothing else. My knee has continued to get

> bigger an[d] swoller [sic] and it starting to draw up in I'm living in constant pain.
>
> . . . .
>
> Regional Jail Authority sub-contract's Med-Co to provide health care for the Inmate population so I'm sueing [sic] South West Virginia Regional Jail Authority and Med-Co. "Regional Jail Authority sub-contracts Med-Co"

Am. Compl. 2, ECF No. 11. As defendants, Williams names the jail authority and Med-Co, seeking monetary damages, "free medical care for life," and for "med-co to be fired from working" in Virginia. *Id.*

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Only "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment."[1] *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). To prove deliberate indifference, Williams must show that the defendant prison official had "actual . . . knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's [own] action or inaction." *Id*. This component requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("Questions of medical judgment are not subject to judicial review.").

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A governmental entity, such as a

---

[1] Williams does not indicate whether his problems with medical care at the jail occurred while he was a pretrial detainee or after he had been convicted and sentenced. In any event, "[t]he Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).

regional jail authority, however, cannot be held liable under § 1983 automatically for actions taken by its employees. *Id.* at 694. Rather, the plaintiff *must* show that the entity's policy was "the moving force of the constitutional violation." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted). Similarly,

> [p]rivate companies . . . cannot be held liable for violating a plaintiff's rights solely because they employ an individual who committed an unlawful act. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, they can be sued under § 1983 only if the violation results from the company's custom or policy. *Id.*

*Sorrick v. Manning*, No. TDC-16-0709, 2017 WL 3668755, at *8 (D. Md. Aug. 22, 2017), *aff'd*, 717 F. App'x 300 (4th Cir. 2018) (unpublished).

Williams fails to link any of the alleged delays or inadequacies he experienced in seeking medical care at the jail to any specific policy or decision officially adopted by the governing bodies of the jail authority or Med-Co. I make no finding as to whether Williams could show that the frustrations of which he complains violated his constitutional rights. I conclude that his allegations in this case "fall far short of proof of an unconstitutional municipal policy" as the cause of any such deprivation and, thus, utterly fail to show that the jail authority or Med-Co is "deliberately indifferent to the relevant rights" of the inmates in its care. *See Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999) (rejecting municipal liability claim where "one looks in vain for a possible causative link between any municipal decision and [plaintiff's] own experience"). Accordingly, despite Williams's

opportunity to file an amended complaint after the court's customized and specific instructions, he fails to state a claim upon which relief may be granted against the jail authority or Med-Co. Therefore, I will dismiss this civil action against these defendants with prejudice, pursuant to § 1997e(c), for failure to state a claim upon which relief could be granted.

A separate Order will be entered herewith.

DATED: May 3, 2019

/s/ James P. Jones
United States District Judge